1 | GIOVANNI ORANTES – State Bar No. 190060
LUIS A. SOLORZANO – State Bar No. 310278
2 | **THE ORANTES LAW FIRM, P.C.**
3435 Wilshire Blvd. Suite 2920
3 | Los Angeles, CA  90010
Telephone:  (213) 389-4362
4 | Facsimile:   (877) 789-5776
go@gobklaw.com
5 |
6 | Attorney for ~~Debtor~~Debtors and ~~Debtor~~Debtors-In-Possession

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 |

12 | In re:

13 |

14 | BENJAMIN ISAAC MENJIVAR and

15 | SARA AURA MENJIVAR,

16 | Debtors and Debtors-in-Possession.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

Case No. 2:17-bk-23881-WB

Chapter 11 Proceeding

~~SECOND~~THIRD **AMENDED CHAPTER 11
PLAN OF REORGANIZATION**

**Preliminary Hearing**

Date:       October 4, 2018
Time:       10:00 a.m.
Place:      Courtroom 1375
            255 East Temple Street
            Los Angeles, CA 90012

**Plan Confirmation Hearing**

Date:       TBD
Time:       TBD
Place:      Courtroom 1375
            255 East Temple Street
            Los Angeles, CA 90012

- 1 -

**Table of Contents**

I. INTRODUCTION ............................................................................................... - 1 -

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ........................ - 2 -

   A.   General Overview ..................................................................................... - 2 -
   B.   Unclassified Claims .................................................................................. - 2 -
          1.   Administrative Expenses ................................................................. - 3 -
          2.   Court Approval of Fees Required: ................................................... - 4 -
          3.   Priority Tax Claims ....................................................................... - 4 -
   C.   Classified Claims and Interests ................................................................. - 5 -
          1.   Classes of Secured Claims ............................................................. - 5 -
          2.   Classes of Priority Unsecured Claims .............................................. - 8 -
          3.   Class of General Unsecured Claims .................................................. - 8 -
          4.   Class of Interest Holders ................................................................ - 9 -
          1.   Funding for the Plan ..................................................................... - 10 -
          2.   Post-confirmation Management ...................................................... - 10 -
          3.   Disbursing Agent ......................................................................... - 11 -

III. TREATMENT OF MISCELLANEOUS ITEMS ........................................................ - 11 -

   A.   Executory Contracts and Unexpired Leases ............................................... - 11 -
          1.   Assumptions ............................................................................... - 11 -
          2.   Rejections ................................................................................... - 11 -
   B.   Retention of Jurisdiction ......................................................................... - 12 -

IV. EFFECT OF CONFIRMATION OF PLAN ............................................................. - 14 -

   A.   Discharge ............................................................................................. - 14 -
   B.   Revesting of Property in the Debtor .......................................................... - 14 -
   C.   Modification of Plan .............................................................................. - 15 -
   E.   Quarterly Fees ....................................................................................... - 15 -
   F.   Post-Confirmation Conversion/Dismissal .................................................. - 15 -
   G.   Final Decree .......................................................................................... - 17 -

EXHIBIT A - Claims Summary, Analysis and Treatment ................................................ - 18 -

i

**I.**

**<u>INTRODUCTION</u>**

The Plan Proponents are Benjamin Isaac Menjivar and Sara Aura Menjivar, the Debtors and Debtors-In-Possession (the "<u>Debtors</u>") in the above-captioned chapter 11 bankruptcy case (the "<u>Case</u>"). On November 9, 2017 (the "<u>Petition Date</u>"), the Debtors commenced the case by filing a voluntary chapter 11 petition under title 11 of the United States Code, sections 101 *et seq*. (the "<u>Bankruptcy Code</u>"). The Debtors continue to manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Case.

Chapter 11 allows the Debtors, the creditors and others parties in interest to propose a plan of reorganization. A plan of reorganization may provide for the Debtors to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both. The Debtors are the party proposing this chapter 11 plan of reorganization (the "<u>Plan</u>") being sent to you in the same envelope as the Disclosure Statement, which is filed concurrently with this document and is provided to help you understand the Plan. THE DOCUMENT YOU ARE READING IS THE ~~SECOND~~THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION (the "<u>Plan</u>"). The Disclosure Statement is filed concurrently with the Plan is provided to help you understand the Plan. All terms which are not otherwise defined in the Plan shall have the same meaning as such terms are provided in this Disclosure Statement.

This is a reorganizing plan. In other words, the Proponents seek to accomplish payments under the Plan by their earnings from Mr. Menjivar's service-connected disability compensation, retirement account, and his social security, as well as from Mrs. Menjivar's social security and their daughter's monthly contribution ("Debtors' Sources of Income"). The Plan's effective date (the "<u>Effective Date</u>") will be the first business day of the first full calendar month that is at least fourteen (14) days following the date of entry of the Court order confirming the Plan, as it may be amended (the "<u>Plan Confirmation Order</u>") when and provided that all of the following conditions to the effectiveness of the Plan have been satisfied or waived by the Debtors: (a) there shall not be any stay in effect with respect to the Plan Confirmation Order; (b) the Plan Confirmation Order

shall not be subject to any appeal or rehearing; and (c) the Plan and all documents, instruments and agreements to be executed in connection with the Plan shall have been executed and delivered by all parties to such documents, instruments and agreements.  Following the Effective Date, the Debtors shall be referred to as the "Reorganized Debtors."

This Plan provides for four (4) classes of secured claims, one (1) class of unsecured priority claims; and one (1) unsecured nonpriority claims.  Unsecured creditors holding allowed claims will receive distributions, which the Proponent of this Plan have valued at 3 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims.  The Effective Date of the proposed Plan is defined below.

**II.**

**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

**A.**     **General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive.  The term "claim" or "claims" as defined in the Bankruptcy Code, section 101(5)(A) and (B), means (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured

**B.**     **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Debtors have <u>not</u> placed the following claims in a class:

**See Exhibit G to the accompanying Disclosure Statement for a list of all claims and a summary of the proposed treatment, a true and correct copy of which is attached hereto as Exhibit "A."**

    **1.**    **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Case that are allowed under Bankruptcy Code Section 507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtors' 11 U.S.C. § 507(a)(1) administrative claims and their treatment under the Plan:

| Name | Amount Owed | Treatment |
|---|---|---|
| The Orantes Law Firm, P.C. | $45,000[1]<br><br>(estimated[2]) | Paid in full from Estate Funds upon entry of interim orders approving or, on a final basis, the later of (a) Effective Date of confirmed of the Plan; and (b) the date of entry of the order allowing the final fee application **or** as agreed upon by the Firm. The Debtors reserves the right to object to such fees. |
| Clerk's Office Fees | $0 | The Debtors are not aware of any fees presently owed to the Clerk's Office. To the extent such fees will exist on the Effective Date, they shall be paid in full from Estate Funds on the Effective Date. |
| Office of the United States Trustee | $650 (estimated) | If the Effective Date of the Plan and the due date of the U.S. Trustee quarterly fees fall on the same day, the Debtor shall pay such fees in full on the Effective Date of the Plan. However, the Debtors pay the U.S. Trustee quarterly fees as they come due. |
| **TOTAL** | **$45,650** | |

---

[1] It is only an estimate and actual fees may be higher or lower. and monthly payments as can be accommodated within their budget or larger lump amounts if third parties contribute or additional funds become available

[2] This is an estimate of fees net of retainer received.

**2.    Court Approval of Fees Required:**

The Court must rule on all pre-plan confirmation fees listed in this chart before the fees will be payable by the bankruptcy estate, except for fees owing to the Clerk's Office and U.S. Trustee or fees to be paid from non-Debtor sources.  Furthermore, pursuant to FRBP 2016(a), because an entity is not seeking interim or final compensation for services from the estate, the entity is not required to obtain Court approval  The professional in question must file and serve a properly noticed fee application, and the Court must rule on the application.  Only the amount of fees and expenses allowed by the Court will be owed and required to be paid under the Plan.  As discussed in this Disclosure Statement, the Debtors will have sufficient funds from their individual income and daughter's contribution to satisfy the foregoing administrative claims.

**3.    Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Bankruptcy Code Section 507(a)(8).  The Bankruptcy Code requires that each holder of such a Section 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the date the bankruptcy petition was filed.

| | IMPAIRED | |
|---|---|---|
| Claim of Internal Revenue Service<br>Name = Internal Revenue Service<br>Proof of Claim #: Amended Proof of Claim NO. 1<br>Allowed Priority Amount = $29,078.20<br>***Total Allowed Claim = $29,078.20*** | N | The Debtors shall make payments as follows: |
| | | Monthly payment = | $666.87707.05 |
| | | Pmts Begin= | Effective Date |
| | | Pmts End = | 4744 payments after initial payment made on the Effective Date. (That is 4845 payments in total). |
| | | Interest rate = | 5% |
| | | Payments, if any, shall be due the first day of the month and be considered late the 16th day of the month.  A late fee of 1% of the monthly payment shall apply to late payments. | |

**C. Classified Claims and Interests**

See **Exhibit G** to this Disclosure Statement for a list of all claims and a summary of the proposed treatment, which is hereby incorporated by reference as if set forth in full herein.

**1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.  This Plan determines the value of the allowed secured claim of creditors with liens on the ~~Debtor's real property as allowed by 11 U.S.C. § 506(a)(1).~~Debtors' real property as allowed by 11 U.S.C. § 506(a)(1) and bifurcates such allowed claim(s) under 11 U.S.C. § 506(a)) and (d) into an allowed secured claim and allowed unsecured claim where the value of the collateral is less than the total amount of the allowed amount of the secured claim as sheduled/filed or ordered and "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | **Secured Portion of Claim** on 1129 S. 2nd Street, Alhambra, CA 91801 (APN: 5348-011-021) Name = Wells Fargo Proof of Claim #, if any: #3 Collateral Description = Debtors Home Allowed Secured Amount = $743,982.40 Priority of lien = First Principal owed = $566,972.18 Interest due = 150,449.44 Pre-pet. arrearage = $266,692.70 (inclusive of principal, interest, fees, escrow deficiency, and projected escrow shortage less cash on hand) ***Total Allowed Claim = $743,982.40*** **Value of Collateral = $749,000** *Unsecured portion, if any, paid as part of class of general unsecured claims.* | N | Y | The Debtors shall make payments as follows: Monthly payment =    $3,041.20 Pmts Begin =    Effective Date Pmts End =    8/15/2037 Interest Rate =    7.060% Treatment of Lien =  Extinguished upon payment of Allowed Secured Amount. |

Formatted: (none)

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | **ADDITIONAL TERMS OF TREATMENT:** | | | |
| | Arrears will be cured as follows: $1,234.69 for 216 months. | | | |
| | This is the Debtors' principal residence and the terms of the claim of the alleged holder of the claim in this class is not being modified by this Plan. | | | |
| | Debtors may satisfy the Allowed Secured Amount by selling or refinancing the collateral, which shall obligate the alleged holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court. | | | |
| | Pursuant to §1123(b)(3)(B), the Debtors will continue to prosecute the Appeal and, if successful, will prosecute the Post-Appeal Litigation. | | | |
| | ~~The Debtors hereby reserve the right to commence prosecuting any and all rights, actions or claims they may hold against the alleged holder of the claim in this class.~~ | | | |
| | It shall be a Material Default to fail to maintain property insurance on the Collateral of the alleged holder of the claim in this class or to fail to make timely payment of property taxes, unless the Debtors agree to escrow them. | | | |
| | If Debtors materially default post-confirmation under the terms herein, the holder of the claim in this class shall have the right to pursue its rights under State law after serving a Notice of Default under this Plan and under State law.  Please see Section V for definition of Material Default. | | | |
| | The alleged holder of the claim in this class shall rescind any notice of default or notice of sale recorded in the county where the Property is located upon entry of an order confirming the Debtor's Chapter 11 Plan. | | | |
| | For the avoidance of doubt, in compliance with §1123(b)(5), the Debtors are not modifying this claim, as the term "modify" has been interpreted by caselaw. | | | |
| | **ALTERNATIVE PLAN TREATMENT:  (ONLY IF CLAIMHOLDER CONSENTS):** | | | |
| | Debtor Benjamin Menjivar has received approval for a Veterans' Administration Loan in the loan's original amount ($690,000) to satisfy this Claim. The alleged holder of the claim in this class may accept in full and final satisfaction of such claim refinancing through such loan or a subsequent loan and, in exchange, the Debtors will dismiss any pre-petition and post-petition actions or lawsuits against such Claim holder if it accepts the Veterans' Administration Loan or a similar financial arrangement, including, the Appeal. | | | |
| | **TREATMENT IN CASE OF POST-APPEAL LITIGATION:** | | | |
| | If the Debtors prevail in their Post-Appeal Litigation and further obtain a ruling regarding the amount of arrears due and payable to Wells Fargo, the Debtors will make payments in accordance therewith.  Any payments made shall be applied by Wells Fargo (or any successor or assign) as payment of the principal amount of the note or secured amount as limited by the 125% Cap.[1] | | | |
| 2 | **Secured Portion of Claim** on 2005 Volvo V50<br><br>Name = First City Credit Union<br>Proof of Claim #, if any: N/A<br>Collateral Description = Debtors' vehicle<br>Value of Collateral = $3,767.00<br>Allowed Secured Amount = $3,767.00<br>Priority of lien = Unknown<br>Principal owed = Unknown<br>Pre-pet. arrearage = Not Applicable<br>**Total Allowed Claim = $3,767.00**<br>*Unsecured portion pursuant to 11* | N | Y | The Debtors shall make payments as follows:<br><br>Monthly payment = $72.46<br>Pmts Begin = Effective Date<br>Pmts End = 59 months after first payment made on Effective Date<br>Interest Rate = 6.0%<br><br>Treatment of Lien  Extinguished upon payment of Allowed Secured Amount. |

Formatted: Underline

[1] The 125% Cap is in reference to the maximum aggregate principal balance secured by the deed of trust.  This amount is $689,562.50 which is 125% of the original principal note amount

- 6 -

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | *U.S.C. §-506 (a) & (d) will be paid as part of class of general unsecured claims* *, however, as the alleged holders of claims in this class did not timely file the required proofs of claims, there is no unsecured portion.* | | | Debtors may satisfy the Allowed Secured Amount by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its lien in conjunction with such transaction without further order of this Court. |
| 3 | **Secured Portion of Claim** on 2007 Honda CR-V<br>Name = First City Credit Union<br>Proof of Claim #, if any: N/A<br>Collateral Description = Debtors' vehicle<br>Value of Collateral = $7,789.00<br>Allowed Secured Amount = $7,789.00<br>Priority of lien = Unknown<br>Principal owed = Unknown<br>Pre-pet. arrearage = Not Applicable<br>**Total Allowed Claim = $7,789.00**<br>*Unsecured portion pursuant to 11 U.S.C. §-506 (a) & (d) will be paid as part of class of general unsecured claims* *, however, as the alleged holders of claims in this class did not timely file the required proofs of claims, there is no unsecured portion.* | N | Y | The Debtors shall make payments as follows:<br>Monthly payment = $149.83<br>Pmts Begin = Effective Date<br>Pmts End = 59 months after first payment made on Effective Date<br>Interest Rate = 6.0%<br><br>Treatment of Lien = Extinguished upon payment of Allowed Secured Amount.<br><br>5 |
| 4 | **Secured Portion of Claim** on Cemetery Plot at Forest Lawn<br>Name = Forest Lawn<br>Proof of Claim #, if any: None<br>Collateral Description = Debtors' cemetery plot<br>Value = Unknown<br>Allowed Secured Amount = $4,922.19<br>Priority of lien = N/A<br>Principal owed = $ 4,922.19<br>Pre-pet. arrearage = Not Applicable<br>***Total Allowed Claim = $4,922.19*** | N | Y | The Debtors shall make payments as follows:<br>Monthly payment = $ 105.80<br>Pmts Begin = Effective Date<br>Pmts End = 59 months after first payment made on Effective Date<br>Interest Rate = 6.0%<br><br>Treatment of Lien = Extinguished upon payment of Allowed Secured Amount. |

**Formatted:** Font: Not Bold, Italic

**Formatted:** Font: Not Bold, Italic

- 7 -

**AGAIN, the Debtors reserve the right to sell or refinance the foregoing property and repay the Allowed Secured Amount to the applicable creditor in full satisfaction of their secured obligation.  The lien securing the pertinent *Total Allowed Claim* amount shall be extinguished and expunged immediately upon such payment.**

    **2.**    <u>**Classes of Priority Unsecured Claims**</u>

Certain priority claims that are referred to in Code Section 507(a)(3),(4),(5),(6), and (7) are required to be placed in classes.  These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtors' 507(a)(3),(4),(5),(6), and (7) priority unsecured claims and their treatment under this Plan: N/A.

    **3.**    <u>**Class of General Unsecured Claims**</u>

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the Classes containing <u>all</u> of Debtors' general unsecured claims, including claims valued and bifurcated into secured and unsecured portions through the Debtors' plan pursuant to 11 U.S.C. § 506:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | **All Allowed General Unsecured Claims not otherwise classified herein, including, but not limited to, such portions of the claims held by claimants holding secured claims classified in Classes 1 through 4, which are classified as general unsecured claims by operation of 11 U.S.C. § 506 (a) & (d).** **Review the description of Classes 1 through 4 for information regarding amount of unsecured** | Y | The Debtors will pay to holders of allowed general unsecured claims 3% of the amount of such allowed general unsecured claims in equal quarterly installments over the 5 year life of the plan (that is, 20 quarters), which, if not modified by agreement, shall commence under the Plan on the Effective Date and continuing at the end of the fiscal quarter following the Effective Date. TREATMENT IN CASE OF RECOVERY OF DAMAGES |

- 8 -

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
|  | portions of such claims, if any. |  | UNDER POST- APPEAL LITIGATION: If the Debtors receive an amount in excess of attorneys' fees and costs net of any tax liability, the Debtors shall distribute additional funds on a pro-rata basis up to 100% of the allowed claim of holders of claims in this class. Pursuant to §1123(b)(3)(B), the Debtors will continue to prosecute the Appeal and if successful, will prosecute the Post-Appeal Litigation. The Debtors will seek a final decree closing their case as soon as possible after their Plan is confirmed and will account to the Court for any payments due in case of recovery of damages under the Post-Appeal Litigation when they seek their discharge within approximately five (5) years after Plan confirmation. |
| 6 | All General Unsecured Claims in an amount of $500 or less OR as to which its holder elects to receive $500 in full satisfaction thereof ("Convenience Class") | Y | The Debtors will pay 100% of such claims on the First Distribution Date. |

If the holder of an allowed unsecured claim objects to the confirmation of the plan, the value of the property to be distributed under the plan shall not be less than the projected disposable income of the debtor (as defined in section 1325 (b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer. The foregoing notwithstanding, the Debtors represent that the treatment afforded by their Plan represents at least the amount that would be received by creditors under Section 1325(b)(2) of the Code.

4. <u>Class of Interest Holders</u>

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtors. If the Debtors are a corporation, entities holding preferred or common stock in the Debtors are interest holders. If the Debtors are a partnership, the interest holders include both

general and limited partners.  If the Debtors are an individual, the Debtors are the interest

holders.  The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 7 | Debtors | Y | All of the Debtors' property vests in Debtors upon confirmation. The Debtors shall receive their discharge upon completion of this Plan or as otherwise provided by law.  Debtors have no unexempt equity in any property. |

**D.**    **Means of Effectuating the Plan**

    1.    Funding for the Plan

    The Plan will be funded by the following:  Mr. Menjivar's service-connected disability

compensation, retirement account, and his social security, as well as from Mrs. Menjivar's social

security and their daughter's monthly contribution.  Such funds will be utilized as follows:

| | | |
|---|---|---|
| Administrative | - | $216.66 |
| Priority Claims | - | $666.87707.05 |
| Classes 1-4 | - | $4,603.99 |
| Class 5 | - | $4.36 |
| Class 6 | - | $716.00 |
| Executory Contracts | | $0.00 |
| TOTAL | - | $6,207.87248.06 |

    2.    Post-confirmation Management

(a) Identity:  The Debtors will continue to manage their affairs.

(b) Post-confirmation Managerial duties: The Debtors will continue to manage their affairs.

(c) Amount of compensation paid pre-petition and to be paid post-confirmation:  The

Debtors have not received any compensation pre-petition nor expect compensation as such post-

petition.

(d) Description of expertise:  The Debtors ably managed their affairs prior to the national

economic depression, past medical problems, credit availability and real estate crises that have

- 10 -

Formatted: Line spacing:  1.5 lines

Formatted: (none)

Formatted: (none)

Formatted: (none)

Formatted: No underline, (none)

Formatted: Indent: Left:  0", Hanging:  0.25", Line spacing:  Exactly 12 pt, Tab stops: Not at 2.5" + 2.94"

impacted their business.

    3.    <u>Disbursing Agent</u>

Name and identity of disbursing agent:  The Debtors shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall not receive compensation or reimbursement for services and expenses rendered and incurred in connection with making distributions under the Plan.

III.

<b><u>TREATMENT OF MISCELLANEOUS ITEMS</u></b>

**A.**    **Executory Contracts and Unexpired Leases**

    1.    Assumptions

The following are the unexpired leases and executory contracts to be assumed as obligations of the Reorganized Debtor under the Plan:

| Description | Other Party(ies) |
|---|---|
| **Unexpired Leases** | |
| Month to Month Statutory Lease | Daughter: Angela Menjivar |

The Debtors reserve the right to negotiate different terms.

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the Reorganized Debtors.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Section I of this Disclosure Statement describing the Plan for the specific date.

    2.    Rejections

On the Effective Date, the following executory contracts and unexpired leases will be rejected:  any executory contracts or unexpired lease not expressly assumed hereby. The Order confirming the Plan shall constitute an Order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract

- 11 -

or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement above for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE EFFECTIVE DATE OF THIS PLAN.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.      Retention of Jurisdiction**

Notwithstanding the entry of the Plan Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain, after the Effective Date, exclusive jurisdiction of all matters arising out of, arising in or related to, this case, to the fullest extent permitted by applicable law, including, without limitation, jurisdiction to:

(i)      Allowance of Claims or Interests

The Court shall retain jurisdiction to allowed, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any claim or interest (whether filed before or after the Effective Date and whether or not contingent, disputed or unliquidated), including the compromise, settlement and resolution of any request for payment of any Administrative Claim or Priority Claim, the resolution of any objections to the allowance or priority of claim or interest and the resolution of any dispute as to the treatment necessary to reinstate a claim pursuant to the Plan, and to hear and determine any other issue presented hereby or arising hereunder, including during the pendency of any appeal relating to any objection to such claim or interest (to the extent permitted under applicable law). In particular, the Court shall retain jurisdiction as set forth above with respect to the Post-Appeal Litigation, if any, as defined above.

(ii)     Executory Contract Proceedings

The Court shall retain jurisdiction to act with respect to proceedings regarding the rejection of any executory contract or unexpired lease of a Debtor's pursuant to sections 365 and 1123 of the Bankruptcy Code, and to determine the allowance and proper classification of any claims arising from the resolution of any such proceedings.

- 12 -

(iii)     Plan Interpretation

The Court shall retain jurisdiction to resolve controversies and disputes regarding the interpretation of the Plan and the Plan Confirmation Order.

(iv)     Plan Implementation

The Court shall retain jurisdiction to implement and enforce the provisions of the Plan, the Plan Confirmation Order, and otherwise to enter orders in aid of confirmation and implementation of the Modified Plan.

(v)     Plan Modification

The Court shall retain jurisdiction to modify the Modified Plan pursuant to section 1127 of the Bankruptcy Code and the applicable Bankruptcy Rules.

(vi)     Adjudication of Controversies

The Court shall retain jurisdiction to adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court including, but not limited to, objections to claims, or actions relating to taxes.

(vii)     Injunctive Relief

The Court shall retain jurisdiction to issue any injunction or other relief appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or pursuant to the Plan Confirmation Order.

(viii)     Correct Minor Defects

The Court shall retain jurisdiction to correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Plan Confirmation Order or the Plan or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Modified Plan, provided that the rights of any holder of an allowed claim or allowed interest are not materially and adversely affected thereby.

(ix)     Post-Confirmation Orders Regarding Confirmation

The Court shall retain jurisdiction to enter and implement such orders as may be appropriate in the event the Plan Confirmation Order is, for any reason, stayed, reversed, revoked, modified or vacated.

- 13 -

(x)    Final Decree

The Court shall retain jurisdiction to enter a final decree closing the Case.  The Debtors intend to seek the entry of a final decree and an order closing the case at the same time or as soon thereafter as practicable to the Debtors as the entry of the Order Confirming the Plan.

**1.    Failure of the Bankruptcy Court to Exercise Jurisdiction**

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in or related to the Debtor's Estate, the Plan shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

**IV.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge**

Although the Plan is binding on claimholders under § 1141 of the Code, confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.  However, any liability imposed by the Plan will not be discharged.

**B.    Revesting of Property in the Debtor**

Except as provided elsewhere herein, the confirmation of the Plan vests all of the property of the estate in the Reorganized Debtor.  **Any receiver or other custodian must immediately turnover any assets it holds to the Debtor upon entry of an order confirming the Debtor's plan of reorganization.**  In addition, on the Effective Date, all of the claims against and/or interests in third parties that constitute property of the estate shall be re-vested in the Reorganized Debtor.  Following the Effective Date, the Reorganized Debtor shall have absolute authority to prosecute, waive, adjust or settle any claims without the need for approval by the Court. Following the Effective Date, the Reorganized Debtor shall have the authority to employ such

1   professionals as it deems necessary to prosecute or defend such claims asserted without the need

2   for Court approval.

3

4   **C.**     **Modification of Plan**

5          The Proponents of the Plan may modify the Plan at any time before confirmation.

6   However, the Court may require a new disclosure statement and/or revoting on the Plan if

7   proponents modify the plan before confirmation.

8          The Proponents of the Plan may also seek to modify the Plan at any time after confirmation

9   so long as (1) the Plan has not been substantially consummated and (2) if the Court authorized the

10  proposed modifications after notice and a hearing.

11

12  **D.**     **Post-Confirmation Status Report**

13         Unless otherwise ordered by the Court, within 120 days following the entry of the Plan

14  Confirmation Order, the Reorganized Debtors shall file a status report with the Court explaining

15  what progress has been made toward consummation of the confirmed Plan.  The status report shall

16  be served on the United States Trustee, the twenty largest unsecured creditors, and those parties

17  who have requested special notice after the Effective Date.  Further status reports shall be filed

18  every 120 days and served on the same entities.

19  **E.**     **Quarterly Fees**

20         Quarterly fees accruing under 28 U.S.C. §1930(a)(6) to date of confirmation shall be paid

21  to the United States Trustee on or before the effective date of the plan.  Quarterly fees accruing

22  under 28 U.S.C. §1930(a)(6) after confirmation shall be paid to the United States Trustee in

23  accordance with 28 U.S.C. §1930(a)(6) until entry of a final decree, or entry of an Order of

24  dismissal or conversion to Chapter 7.

25  **F.**     **Post-Confirmation Conversion/Dismissal**

26         A creditor or party in interest may bring a motion to convert or dismiss the Case under

27  § 1112(b) after the Plan is confirmed if there is a default in performing the Plan.  If the Court

28  orders the Case converted to Chapter 7 after the Plan is confirmed, then all property that had been

- 15 -

property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will re-vest in the Chapter 7 estate.  The automatic stay will be re-imposed upon the re-vested property, but only to the extent that the Court did not previously authorize relief from stay during the Case.  The Plan Confirmation Order may also be revoked under very limited circumstances.  The Court may revoke the Plan Confirmation Order if the Plan Confirmation Order was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the Plan Confirmation Order.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**G.**    **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Debtor, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

**Since holders of secured claims are given the right to exercise their remedies under State law upon default by the Debtor under the Plan, the Debtors intends to move for discharge, a final decree and closing of their case as soon as possible after commencing payments under a confirmed Plan or at the earliest possible opportunity permitted under Bankruptcy statutory and case law, but in any event, in no more than five (5) years, unless the Debtor modifies such period after confirmation.**

Date: September 1727, 2018

_____
Benjamin Isaac Menjivar, Plan Proponent

Date: September 1727, 2018

_____
Sara Aura Menjivar, Plan Proponent

Date: September 1727, 2018    **THE ORANTES LAW FIRM, P.C.**

By: /s/ Luis A. Solorzano
_____
    Giovanni Orantes
    Luis A. Solorzano
Attorneys for Plan Proponents

- 17 -

1    **EXHIBIT A - CLAIMS SUMMARY, ANALYSIS AND TREATMENT**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28